**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>    **Plaintiff,**<br><br>    v.<br><br>**ENTERGY CORPORATION,<br>ENTERGY SERVICES, INC.,<br>ENTERGY MISSISSIPPI, INC.,<br>ENTERGY OPERATIONS, INC.,<br>ENTERGY ENTERPRISES, INC.,<br>ENTERGY LOUISIANA, LLC,<br>ENTERGY GULF STATES<br>LOUISIANA, LLC, and ENTERGY<br>NUCLEAR GENERATION CO.**<br><br>    **Defendants.** | Case No. 14-cv-1644 |

# COMPLAINT

Plaintiff United States of America alleges:

1.   This civil action is brought on behalf of the United States to enforce the contractual obligations imposed by Executive Order No. 11246, 30 Fed. Reg. 12319, as amended by Executive Orders 11375, 12086, and 13279 ("EO 11246"); Section 503 of the Rehabilitation Act of 1973, 29 U.S.C. § 793, as amended ("Section 503"); Section 4212 of the Vietnam Era Veterans' Readjustment Assistance Act, 38 U.S.C. § 4212, as amended ("VEVRAA"); and their implementing regulations, which are published in Title 41 of the Code of Federal Regulations, Chapter 60 (41 C.F.R. § 60.1-1 *et seq.*).  Plaintiff United States brings suit pursuant to the authority conferred on the Attorney General by 41 C.F.R. § 60-1.26(c)(2).

2.   This Court has jurisdiction over this action under 28 U.S.C. §§ 1331 and 1345.

3.   Venue is proper in this district under 28 U.S.C. §1391 because defendant Entergy Corporation, has its principal place of business within this district, and a substantial part of the events or omissions giving rise to this lawsuit occurred in this judicial district.

1

4.      Defendants Entergy Services, Inc., Entergy Mississippi, Inc., Entergy Operations, Inc., Entergy Enterprises, Inc., Entergy Louisiana, LLC, Entergy Gulf States Louisiana, LLC, and Entergy Nuclear Generation Company, are subsidiaries of Entergy Corporation.  For purposes of this action, these seven subsidiaries and Entergy Corporation comprise a single entity, hereinafter referred to as "Entergy."

5.      Entergy is a covered government contractor within the meaning of 41 C.F.R. §§ 60-1.3 and 1.5(a)(1), 60-300.4(a), 60-741.4(a), 30 Fed. Reg. 12319 (EO 11246),  29 U.S.C. § 793(a), and 38 U.S.C. § 4212(a)(1), and is now, and at all material times has been, subject to the contractual obligations imposed on government contractors and subcontractors by EO 11246, Section 503, VEVRAA, and all implementing regulations issued thereunder.

6.      EO 11246, as amended, and its implementing regulations (codified at 41 C.F.R. §§ 60-1 and 60-2) prohibit discrimination by covered government contractors against employees and applicants for employment on the basis of race, color, sex, religion, or national origin.  Similarly, Section 503 prohibits recipients of federal funds, including covered government contractors, from discriminating against otherwise qualified individuals with disabilities because of their disability, 29 U.S.C. §§ 793, 794, and VEVRAA prohibits discrimination in employment against protected veterans.  38 U.S.C. § 4212, 41 C.F.R. § 60-300.1.

7.      Section 205 of EO 11246 requires federal contractors to "cooperate with the Secretary of Labor and [] furnish such information and assistance as the Secretary may require."

8.      The regulations implementing EO 11246, Section 503, and VEVRAA require covered government contractors to maintain written Affirmative Action Programs,  41 C.F.R. §§ 60-2.1(c), 60-300.40(a)-(c), and 60-741.40(a)-(c), and to retain all personnel and employment records, 41 C.F.R. § 60-1.12, 60-300.80, and 60-741.80.

9.      Implementing regulations also require covered government contractors to provide the federal government with access to such records for the purposes of

conducting compliance evaluations and complaint investigations. 41 C.F.R. §§ 60-1.43, 60-300.81 and 60-741.81.

10. Covered government contractors must submit their Affirmative Action Programs and required documents to the Department of Labor's Office of Federal Contract Compliance Programs ("OFCCP") within thirty (30) days of a request by OFCCP. 41 C.F.R. §§ 60-1.12(c)(2), 60-1.20(e), 60-300.40(d), and 60-741.40(c).

11. On May 2, 2012, OFCCP provided Entergy with a non-exhaustive list, in the form of a courtesy Corporate Scheduling Announcement Letter, of twelve establishments in Texas, Mississippi, Louisiana, and New York that might be selected for a compliance review.

12. OFCCP subsequently selected 11 of Entergy's establishments for a compliance evaluation and informed each establishment of its selection in separate Office of Management and Budget-approved Scheduling Letters sent via certified U.S. mail. Each Scheduling Letter also requested Affirmative Action Programs and other required documentation from the recipient establishment, but did not request entrance to Entergy's sites or facilities.

   a. On May 4, 2012, OFCCP requested that Entergy submit Affirmative Action Programs and required documents within thirty (30) days for two of its establishments in Orange, Texas, and Beaumont, Texas, both of which were operated by Entergy Gulf States Louisiana, LLC.

   b. On May 9, 2012, OFCCP requested that Entergy submit Affirmative Action Programs and required documents within thirty (30) days for four of its establishments in Metairie, Louisiana (operated by Entergy Enterprises, Inc.), Baton Rouge, Louisiana (operated by Entergy Louisiana, LLC), Saint Francisville, Louisiana (operated by Entergy Operations, Inc.), and New Orleans, Louisiana (operated by Entergy Services, Inc.).

      c. On August 10, 2012, OFCCP requested that Entergy submit Affirmative Action Programs and required documents within thirty (30) days for five of its establishments in Clinton, Mississippi (operated by Entergy Enterprises, Inc.), on Northside Drive in Jackson, Mississippi, and in Vicksburg, Mississippi (operated by Entergy Mississippi, Inc.), on Echelon Parkway in Jackson, Mississippi (operated by Entergy Nuclear Generation Company), and in Port Gibson, Mississippi (operated by Entergy Operations, Inc.).

13. Entergy refused to submit the Affirmative Action Programs and required documents requested by OFCCP for these 11 establishments.

14. In connection with its refusal to submit the requested documents to OFCCP in accordance with its obligations under 41 C.F.R. §§ 60-1.12(c)(2), 60-1.20(e), 60-300.40(d), and 60-741.40(c), Entergy alleged that OFCCP's requests for submission of Affirmative Action Programs and other documents violate the prohibition against unreasonable searches and seizures contained in the Fourth Amendment of the United States Constitution.

15. OFCCP advised Entergy on August 29, 2012, inter alia, that its requests for Entergy's Affirmative Action Programs and other documents in the Scheduling Letters are consistent with the Fourth Amendment's requirements because those requests are:

      a. Limited in scope;

      b. Relevant in purpose; and

      c. Specific in directive, such that the requests are not unduly burdensome.

16. On September 27, 2012, OFCCP issued Notices to Show Cause why enforcement proceedings should not be initiated pursuant to Sections 208 and 209(a) of EO 11246, as implemented by 41 C.F.R. § 60-1.26, and pursuant to 41 C.F.R. 60-741.65 and 60-300.65, to the five Entergy establishments in Mississippi.

17. On December 18, 2012, OFCCP issued Notices to Show Cause why enforcement proceedings should not be initiated pursuant to Sections 208 and 209(a) of

EO 11246, as implemented by 41 C.F.R. § 60-1.26, and pursuant to 41 C.F.R. 60-741.65 and 60-300.65, to the two Entergy establishments located in Texas and the four Entergy establishments located in Louisiana.

18. As of the filing of this lawsuit, Entergy has failed to submit Affirmative Action Programs and other documents requested by OFCCP for the 11 establishments identified in paragraph 10(a) through (c) above.

19. OFCCP referred Entergy's failure to submit requested Affirmative Action Programs and other documentation for these 11 establishments to the Department of Justice for consideration of judicial enforcement pursuant to 41 C.F.R. § 60-1.26(c)(1) on January 10, 2014.

## STATEMENT OF CLAIMS

20. Entergy, through its subsidiaries, has failed to submit Affirmative Action Programs and other documents requested by OFCCP within 30 days of OFCCP's requests, as is described in paragraphs 9 through 16 above. Entergy's failure to comply with OFCCP's requests constitutes a violation of EO 11246, 30 Fed. Reg. 12319, Section 503, 29 U.S.C. § 793, VEVRAA, 38 U.S.C. § 4212, and their implementing regulations. 41 C.F.R. § 60-1.26(a)(1)(v), (vii), (viii), 60-300.65 and 60-741.65.

21. All conditions precedent to the filing of this lawsuit have been performed or have occurred.

## PRAYER FOR RELIEF

WHEREFORE, the United States prays that the Court grant the following relief:

(a) Permanently enjoin Entergy, and its subsidiaries, officers, agents, employees, successors, and all persons in active concert or participation with it, from refusing to produce Affirmative Action Programs and other documents requested by OFCCP as part of the pending compliance evaluations for the 11 establishments identified in paragraph 10(a) through (c); and

(b) Require Entergy, and its subsidiaries, officers, agents, employees, successors, and all persons in active concert or participation with it, to comply with the

other terms, conditions, and obligations imposed by EO 11246, Section 503, VEVRAA, and their implementing regulations.

(c) Plaintiff prays for such other and further relief justice may require, together with its costs and disbursements in this action.

Date:  July 17, 2104

        Respectfully submitted,

        JOCELYN SAMUELS
        Acting Assistant Attorney General

By:   /s/ Delora L. Kennebrew
        DELORA L. KENNEBREW (GABN 414320)
        Chief

        /s/ John P. Buchko
        JOHN P. BUCHKO (DCBN 452745)
        Special Litigation Counsel

        /s/ Valerie L. Meyer
        VALERIE L. MEYER (AZBN 023737)
        Senior Trial Attorney

        U.S. Department of Justice
        Civil Rights Division
        Employment Litigation Section
        950 Pennsylvania Ave., NW, PHB 4916
        Washington, DC  20530
        Telephone:  (202) 305-3179
        Facsimile:  (202) 514-1005
        Email: Valerie.Meyer@usdoj.gov

        Attorneys for Plaintiff United States of America